**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Joseph Pagan and Zacaria Paris, individually and on behalf of all others similarly-situated,

Plaintiffs,

v.

Fishbox Restaurant Corporation d/b/a Sammy's Fish Box Restaurant, Samuel Chernin, in his individual and corporate capacity, and Lauren Chernin, in her individual and corporate capacity,

Defendants.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Joseph Pagan and Zacaria Paris ("Plaintiffs"), on behalf of all others similarly situated, by their undersigned attorneys and for their class action complaint against Defendants, allege upon information and belief, except as to the allegations that pertain to Plaintiffs which are alleged upon personal knowledge, as follows:

**NATURE OF THE CLAIMS**

1. Plaintiffs Joseph Pagan and Zacaria Paris bring this action individually and on behalf of a class of similarly-situated employees, to seek redress for the systematic and class-wide inaccuracies in the Defendants' wage statements by and through the exclusion of all tipped employee's cash tips earned during employee's hours of work from the Defendants' wage statements. This action also seeks redress for the systemic failure by Defendants to pay the appropriate overtime rates for overtime hours worked.

2. On behalf of the Class, Plaintiffs seek actual, statutory, incidental, consequential and compensatory damages, pre- and post-judgment interest, and attorneys' fees and cost. To

1

prevent recurrence of this conduct, Plaintiffs also seek injunctive relief on behalf of themselves and the Class.

3. Plaintiffs bring this action on their own behalf and on behalf of the proposed collective and Rule 23 classes identified below, for violations of: (1) the minimum wage and overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq* ("FLSA"); (2) the minimum wage and overtime requirements under New York Labor Law ("Labor Law" or "NYLL"), §§ 650 *et seq*.; (3) the spread of hours or split shifts requirement under New York State Regulation 12 NYCRR § 142-2.4 ("NYCRR"); (4) the wage statement requirement of NYLL §§ 195(3); (5) the prohibition against taking deductions from wages under NYLL § 193; and (6) any other claim(s) that can be fairly inferred from the facts set forth herein.  Plaintiff Joseph Pagan also brings this action against Defendants on his own behalf for retaliation against Defendants in violation of NYLL § 215.

4. Plaintiffs seek to represent a class made up of all persons who are or have been employed by Defendants, as waiters or other similar jobs, in New York State during the applicable statute of limitations period under both the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the wage violations which gave rise to these claims primarily occurred in this District.

7. Plaintiffs' claims are properly consolidated as a single action because their claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## THE PARTIES

8. Plaintiff Mr. Joseph Pagan resides in Hartford County, New Brittan, Connecticut. Mr. Pagan was employed by Defendants as a waiter from April 3, 2015 until September 2017. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA and NYLL.

9. Plaintiff Mr. Zacaria Paris resides in Bronx County New York. Mr. Paris was employed by Defendants as a waiter from approximately January 2014 until September 2017. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA and NYLL.

10. Fishbox Restaurant Corporation, also known as Sammy's Fish Box Restaurant or Sammy's Fish Box ("the Company"), is a company organized and existing under the laws of the State of New York, with its principle place of business at 41 City Island Ave, Bronx, NY 10464. At all relevant times, Sammy's Fish Box was an "employer" within the meaning of the FLSA and NYLL.

11. Defendants Samuel Chernin and Lauren Chernin (Mr. and Ms. Chernin) reside at an address that is unknown to Plaintiffs.

12. Upon information and belief, Defendants Mr. and Ms. Chernin are the owners of the Company and at all relevant times were in active control and management of the Company, and regulated the employment of persons employed by the Company, including Plaintiffs. At all relevant times Defendants were an "employer" within the meaning of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs bring this action on behalf of themselves and other employees similarly situated, as authorized under 29 U.S.C. § 216(b). The employees similarly-situated are:

> **FLSA Collective Action:** All persons who are or have been employed by Defendants as waiters, or other similar jobs, at any location operated by Defendants in the State of New York from three (3) years prior to this action's filing date through the date of the final disposition of this action and who were subject to the unlawful practices of (i) failing to pay applicable minimum wage and overtime premiums for hours worked in excess of 40 hours per workweek (ii) failing to provide spread of hours or split shifts compensation (iii) taking deductions from Plaintiffs' earned wages in violation of NYLL § 193 and (iv) failing to furnish wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

14. Defendants employed Plaintiffs and the members of the FLSA Collective Action during the time period relevant to the FLSA Collective Action, and classified Plaintiffs as nonexempt from the minimum wage, overtime, and other requirements of the FLSA.

15. Defendants each meet the definition of an "employer" under the FLSA. By way of examples only, Defendants control how much the FLSA Collective Action members are paid, maintain all-time records for the FLSA Collective Action members, assign and supervise all of the tasks given to the FLSA Collective Action members, and maintain and exercise control as to how the FLSA Collective Action members are to perform their tasks.

16. Each of the FLSA Collective Action members are or were non-exempt employees entitled to overtime compensation for all hours worked in excess of 40 hours per workweek.

17. However, at all times during the FLSA Collective Action period, Defendants failed to pay the Collective Action members minimum wage and overtime premiums for hours worked in excess of 40 hours per workweek. Defendants also made unlawful deductions from wages and failed to provide accurate wage statements.

18. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Action members.

19. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective Action members and, as such, notice should be sent to the FLSA Collective Action members.

20. There are, upon information and belief, more than 100 similarly situated current and former employees who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly-situated individuals are known to Defendants and are readily identifiable through records.

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:** All persons who are or have been employed by Defendants as waiters, or other similar jobs, at any location operated by Defendants in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action and who were subject to the unlawful practices of (i) failing to pay applicable minimum wage and overtime premiums for hours worked in excess of 40 hours per workweek (ii) failing to provide spread of hours or split shifts compensation (iii) taking deductions from Plaintiffs' earned wages in violation of NYLL § 193 and (iv) failing to furnish wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

22. At all times during the time period relevant to the New York Class, Defendants, as a matter of policy, (i) did not pay Plaintiffs or the New York Class any wages or the applicable overtime premium pay rate for hours worked in excess of 40 hours per workweek; (ii) did not pay Plaintiff or the New York Class spread of hours or split shifts compensation; (iii) took deductions from Plaintiffs' earned wages based on assessment of Plaintiffs' work

5

performance and for other reasons and purposes prohibited by the NYLL; and (iv) failed to furnish correct and accurate wage statements required by the NYLL.

23. The facts as alleged in Paragraphs 13-20 with respect to the FLSA Collective Action are similarly true for the New York Class during the time period relevant to the New York Class.

24. Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period, Defendants employed in excess of 100 people who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

25. Typicality: Plaintiffs' claims are typical of the members of the proposed New York Class. During the New York Class period, Defendants subjected Plaintiffs and the members of the New York Class to the same policies and practices of failing to pay overtime compensation, failing to provide spread of hours or split shifts compensation, and failing to provide accurate wage statements required by the NYLL.

26. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed New York Class and have retained counsel experienced in FLSA and NYLL class and collective action litigation.

28. Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

6

a) Whether Defendants unlawfully failed to provide proper minimum wage and overtime compensation to members of the New York Class in violation of the NYLL;

b) Whether Defendants unlawfully failed to provide spread of hours or split shifts compensation to member of the New York Class in violation of the NYLL;

c) Whether Defendants have kept true and accurate records for all gross wages earned by Plaintiffs and the Class as required by NYLL §195 and 661, 12 NYCRR § 142-2.6, and other New York State and City rules and regulations;

d) Whether Defendants have and are engaged in a pattern or practice of not providing accurate wage statements to all tipped employees in violation of NYLL § 195(3), 12 NYCRR § 14-2-2.7, and other New York State and City rules and regulations;

e) Whether Defendants have violated the Wage Theft Prevention Act and NYLL §195 by failing to give Plaintiffs and the Class information required by the Act on their pay statements given by Defendants for the dates of work covered by that payment of wages;

f) Whether Defendants are jointly and severally liable as employers under the NYLL for violations alleged in this Complaint;

g) Whether Defendants should be enjoined from continuing the alleged wrongful practices in violation of the NYLL and other New York State and City rules and regulations; and

h) What is the proper measure of damages for the type of injury and losses commonly suffered by Plaintiffs and the Class.

29. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class could result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action- impeding their ability to protect their interests.

30. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments of practices.

31. Plaintiffs intend to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are in Defendants' possession.

## INDIVIDUAL FACTUAL ALLEGATIONS

### Joseph Pagan

32. As outlined above, Defendants employed Mr. Pagan as a waiter from approximately April 3, 2015 through September 2017.

33. As a waiter, Mr. Pagan and other members of the proposed collective and Rule 23 classes were primarily responsible for taking customer orders and serving food to customers.

34. At all times during employment, Defendants classified Mr. Pagan as a non-exempt employee entitled to the protections of the FLSA and NYLL.

35. Defendants compensated Plaintiff on an hourly basis at a rate of $7.25. He also received tips. Defendants issued a statement to each employee with every payment of wages.

36. During most weeks of employment, Defendants required Mr. Pagan to work in excess of 40 hours per week. In fact, in some weeks he worked approximately fifty hours—Wednesday through Sunday from 4:00 p.m. until 3:00 a.m.

37. Included in each statement is a row labeled, "TIPS." (See Exhibit A, Sample Wage Statement.)

38. At the end of the row labeled, "TIPS," Defendants listed the employee's credit card tips only.

39. Defendants willfully, intentionally, and purposefully did not list the employee's cash tips as part of their payroll practices.

40. Defendants' willful, intentional, and purposeful decision to not list any cash tips on the Plaintiff's wage statements was a systemic practice throughout Defendants' business.

41. In addition to being subject to the improper wage statements described above, Mr. Pagan was not paid proper overtime. Instead, he was only ever paid at the regular rate for all hours exceeding eight (8) in a day or forty (40) in a week.

42. Mr. Pagan complained to Defendants that his wage statements were inaccurate because it did not list both his credit card tips and his cash tips, specifically detailing that the inaccurate paystubs prevented him from qualifying for new and better housing. His complaints fell on deaf ears.

43. Subsequently, Mr. Pagan was overheard by Defendant Ms. Chernin talking to another coworker about his wages, the inaccuracy of the wage statements, that it was a violation of their rights under the New York Labor Laws to refuse to provide accurate wage statements,

9

and that he was consulting an attorney to determine what, if any, legal recourse the employees could take against the Defendants.

44. Upon information and belief, upon Defendant Ms. Chernin overhearing Mr. Pagan discussing his wages and the wages of his co-workers, Defendant Ms. Chernin reported the conversation to Defendant Mr. Chernin.

45. After Mr. Paga was overheard by Defendant Ms. Chernin, Defendant Mr. Chernin began a willful, intentional, purposeful, and malicious campaign of retaliation against Plaintiff by decreasing his work hours and, ultimately, terminating him.

46. On occasions when customers left without paying their bill, the cost of the bill was deducted from Mr. Pagan's tips.

### Zacaria Paris

47. Defendants employed Mr. Paris as a waiter from January 2014 through September 2017.

48. As a waiter, Mr. Paris and other members of the proposed collective and Rule 23 classes were primarily responsible for taking customer orders and serving food to customers.

49. At all times during employment, Defendants classified Mr. Paris as a non-exempt employee entitled to the protections of the FLSA and NYLL.

50. Defendants compensated Mr. Paris on an hourly basis at a rate of $5.00 per hour from January 2014 through January 2017, and increased his hourly wage to $7.50 in January 2017. He also received tips. Defendants issued a statement to each employee with every payment of wages.

51. During most weeks of employment from January 2014 through November 2016, Defendants required Mr. Paris to work in excess of 40 hours per week. In fact, during some

workweeks, Defendants required that Mr. Paris work from 4:00pm to 3:00am four (4) or five (5) times per week. However, in the time period from November 2016 to September 2017, Defendants reduced the number of workdays given per week to Mr. Paris to three (3) and eventually two (2).

52. In addition, Mr. Paris like Mr. Pagan, also received defective wage notices that did not reflect his cash tips. This prevented him from obtaining new and better housing.

53. Furthermore, at various times throughout his employment Mr. Paris' wage statements did not reflect all hours that he worked. He reported the missing hours to management on several occasions. Sometimes management corrected the errors, but sometimes they did not. As such, there were times when Mr. Paris was not paid minimum wage for all hours worked.

54. Mr. Paris' wage statements were also defective with respect to overtime. Overtime hours and rates were never listed on his paycheck and instead he would be paid overtime in cash. Sometimes the cash amounts received were less than the overtime to which he was entitled.

55. In addition, on one occasion when customers left without paying their bill, the cost of the bill was deducted from Mr. Paris' tips. This constitutes an unlawful deduction.

### FIRST CAUSE OF ACTION
### (FLSA: Unpaid Minimum Wage)

56. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

57. As outlined above, during the relevant time period, Defendants' practices violated the provisions of the FLSA regarding payment of a minimum wage to Plaintiffs and the members of the FLSA Collective Action by, among other things, failing to pay them the applicable minimum wage for hours worked.

58. Accordingly, Plaintiffs and the members of the FLSA Collective Action are entitled to the difference between the wages paid by Defendants and the FLSA minimum wage as damages for Defendants' violations of the FLSA's minimum wage provisions.

59. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

60. Plaintiffs and the members of the FLSA Collective Act seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
**(FLSA: Failure to Pay Overtime Compensation)**

61. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

62. During the relevant time period, Plaintiffs and the members of the FLSA Collective Action worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the FLSA, were not paid appropriate overtime compensation.

63. Despite the hours worked by Plaintiffs and the members of the FLSA Collective Action, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiffs and the members of the FLSA Collective Action appropriate overtime compensation.

64. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

65. Plaintiffs and the members of the FLSA Collective Action seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### (NYLL: Unpaid Minimum Wage)

66. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

67. As outlined above, Defendants' pay practices failed to pay Plaintiffs and the members of the New York Class a minimum wage required by the NYLL.

68. Accordingly, Plaintiffs and the members of the New York Class are entitled to the difference between the NYLL minimum wage and the wages paid by Defendants as damages for Defendants' violations of the NYLL and Minimum Wage Order's minimum wage provisions.

69. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result, Plaintiffs and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

70. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

### FOURTH CAUSE OF ACTION
### (NYLL: Failure to Pay Overtime Compensation)

71. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

72. During the relevant time period, Plaintiffs and the members of the New York Class worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the NYLL, were not paid appropriate overtime compensation.

73. Despite the hours worked by Plaintiffs and the members of the New York Class, Defendants willfully, in bad faith, and in knowing violation of the NYLL, failed and/or refused to pay them appropriate overtime compensation.

74. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

75. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

## FIFTH CAUSE OF ACTION
### (NYLL: Unlawful Deductions)

76. Plaintiffs incorporate all of the preceding paragraphs of this Complaint as if fully set forth herein.

77. Plaintiffs are informed, believe, and thereon allege that, at all relevant times and as matters of policy or practice, Defendants deducted an amount equal to a customers' bills from employee wages when said customers walked out of the restaurant without paying their bill.

78. Plaintiffs' practice of deducting the cost of the non-paying customers' bills from employee wages is an unlawful deduction from earned wages in violation of the NYLL.

## SIXTH CAUSE OF ACTION
### (12 N.Y.C.R.R. § 142-2.4: Spread of Hours or Split Shifts)

79. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

80. At all relevant times, all Defendants are or were "employers" within the meaning of 12 N.Y.C.R.R. §§ 142.

81. At all relevant times, Plaintiffs are or were "employees" within the meaning of 12 N.Y.C.R.R. §§ 142.

82. At all relevant times, Plaintiffs are not or were <u>not</u> exempt from the provisions of 12 N.Y.C.R.R. §§ 142.

83. Defendants failed to compensate Plaintiffs the legally mandated spread of hours or split shifts pay for days in which they worked ten (10) hours or more.

84. These practices were willful and lasted for the duration of the relevant time periods.

85. These practices are in violation of 12 N.Y.C.R.R. § 142-2.4.

### SEVENTH CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Statements)

86. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

87. During the relevant time period, Defendants failed to furnish Plaintiffs and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

88. Defendants' violation of the NYLL was willful and, as a result, are liable to Plaintiffs and the members of the New York Class in the amount of $250 for each violation.

89. In addition to statutory penalties, Plaintiffs and the members of the New York Class are entitled to recover from Defendants reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

//

//

//

## EIGHTH CAUSE OF ACTION
### (On Behalf of Plaintiffs Mr. Pagan)
### (NYLL: Retaliation)

90. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

91. Mr. Pagan engaged in a protected activity by complaining to Defendants about improper pay practices.

92. Defendants took adverse action by terminating Mr. Pagan in September 2017.

93. There is a clear causal nexus between Plaintiff's protected activity and Plaintiff's termination, as he was terminated for voicing his concerns. Accordingly, Defendants retaliated against Plaintiff for engaging in a protected activity in violation of Labor Law § 215.

94. Mr. Pagan is therefore entitled to an award of damages to compensate him for all monetary and/or economic harm, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment; an award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff; and an award of punitive damages, each in amounts to be determined at trial, plus pre- and post-judgment interest, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the proposed FLSA Collective Action and New York Class, pray for the following relief:

A. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B.	A judgment declaring that the practices complained of herein are unlawful and in violation of FLSA and New York Labor Law;

C.	That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

D.	That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23.;

E.	An award to Plaintiffs for all damages which Plaintiffs have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

F.	An award to Plaintiffs of compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

G.	An award to Plaintiffs of the amount of unpaid wages, including interest thereon, and penalties;

H.	An award to Named Plaintiffs of all applicable statutory damages to which he is entitled;

I.	An award to Plaintiffs of exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

J.	An award to Plaintiffs for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees and expert witness fees;

K.	An award to Plaintiffs of pre-judgment and post-judgment interest, as provided by law; and

L.     Any other and further relief as this Court finds necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: December 1, 2017
       New York, New York                        Respectfully submitted,

                                                 THE OTTINGER FIRM, P.C.

                                            By: _____
                                                 Benjamin Weisenberg
                                                 401 Park Avenue South
                                                 New York, New York 10016
                                                 Telephone: (212) 571-2000
                                                 Fax: (212) 571-0505
                                                 benjamin@ottingerlaw.com

                                                 *COUNSEL FOR PLAINTIFF AND THE*
                                                 *PROPOSED CLASSES*